| | |
|---|---|
| PATRICK O. CHRISTIAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RODNEY MOORE, DANIEL E. BAILEY, | ) |
| JR., JAMES TOWNSEND, FNU NIPPER, | ) |
| SARAH PARKER, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e).

Plaintiff originally filed a *pro se* complaint and a motion to proceed *in forma pauperis* against

Rodney Moore,[1] Charlotte's Chief of Police; Daniel Bailey, Jr., the Mecklenburg County Sheriff;

and James Townsend, the property manager of the "Monroe Hall" apartment complex.  Since filing

his initial complaint, Plaintiff submitted an Addendum to his *in forma pauperis* application (Doc.

No. 3), an "Amended Complaint" (Doc. No. 4), and a second  "Amended Complaint" (Doc. No. 6).[2]

The allegations contained in these filings are similar in kind to those contained in Plaintiff's original

Complaint, but added as Defendants "Mr. Nipper," CAT's Safety Manager, and Sarah Parker, Chief

Justice of the North Carolina Supreme Court.

---

[1] Charlotte's current Chief of Police is in fact Rodney Monroe.

[2] Both Doc. No. 4 and Doc. No. 6, which are "Amended Complaints," seem to be intended as a supplement to the initial Complaint and not as a replacement.  The Court further notes the under Federal Rule of Civil Procedure Rule 15(a), "A party may amend its pleading only once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, the party must typically seek leave of court.

# I.  STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in this context "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Thus, section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios" or where "defendants are immune from suit." Id. at 327-28.

# II.  ANALYSIS

The Court has carefully reviewed Plaintiff's complaint and finds that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's lengthy complaint alleges that the Defendants, along with other unknown individuals, orchestrated a conspiracy against him. Although the many alleged objects of the conspiracy remain somewhat nebulous, the complaint is clear in alleging that the Defendants had the twin goals of harassing the Plaintiff and of silencing his frequent reports of child abuse. Based on the allegations in the complaint, it appears that Plaintiff has a tendency to see child abuse wherever he looks, whether his gaze happens to rest upon his neighbors (Compl. at 6, 9-10), his fellow passengers on a public bus (Compl. at 3, 9), or the staff of a homeless shelter where the Plaintiff temporarily resided (Compl. at 18). Plaintiff further believes that the Charlotte Meckenberg Police Department "moved" his book bag in an effort to harass him (Compl. at 6-7) and later singled him after a fire alarm where Plaintiff was arrested for resisting and for public intoxication. (Compl. at 8-9). Plaintiff goes on to allege that while at a detention facility, he was

forced to take a tuberculosis test, and once it turned out positive, was segregated and harassed by guards who tampered with his food. (Compl. at 10-11).

Plaintiff also contends a multitude of individuals conspired against him leading to a wrongful eviction, which involved an "IT" specialist living in his building who apparently stole a stack of business cards from Plaintiff's drawer and someone tampering with his bathroom door frame. (Compl. 14-15). According to Plaintiff, he has been "poisoned, stalked, and undermined," his computer has been "hacked," his apartment has been repeatedly invaded in his absence, and his personal information has been placed "in the hands of [his] obvious enemies." (Compl. at 16.)

Plaintiff requests "Seven Million, Seven hundred and seventy seven thousand, seven hundred and seventy seven dollars and zero cents. . . due to all of the hardships, losses, and embarrassment this ordeal (the conspiracy) has cost [him.]" (Compl. At 22). Overall, the Court finds the factual allegations contained within Plaintiff's complaint appear to be baseless and nonsensical, and, thus, appear to be frivolous.

Further, the Court cannot find that Plaintiff has stated a claim upon which relief may be granted. The Court recognizes that a *pro se* complaint must be read liberally. Erickson v. Pardus, 551 U.S. 89 (2007). Even if read liberally, the Court cannot find that Plaintiff has stated a claim upon which relief may be granted. Plaintiff submits that Defendants have violated his rights through their "conspiracy" against him. Even if the Court were to construe some of Plaintiff's claims as falling under 42 U.S.C. § 1983 where government officials are named, Plaintiff must allege that one of his constitutional rights or federal statutory rights were violated by a person acting under color of state law. See 42 U.S.C. § 1983. Here, a review of Plaintiff's complaint yields nothing more than naked and fantastical allegations of a "civil rights conspiracy." (Amended Complaint, Doc. No. 4 at 1, Doc. No. 6 at 1) See Adams v. Rice, 40 F.3d 72, 74 (1994) ("[*I*]*n forma pauperis* plaintiffs

who claim that their constitutional rights have been violated. . . must present more than naked allegations. . . .").

Plaintiff also names Sarah Parker, Chief Justice of the North Carolina Supreme Court, because "she is the top judicial official in the state" who Plaintiff holds responsible for his interactions with the state court. (Doc. No. 4 at 5-6). Though there is no coherent legal claim against Chief Justice Parker, the Court finds the doctrine of judicial immunity would be applicable here. See Stump v. Sparkman, 435 U.S. 349, 351-64 (1978). Similarly, the Court also finds that the doctrine of qualified immunity would be applicable to other government officials named in his case, which shields them from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1947 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint and Amended Complaints are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to send Plaintiff a copy of this order with the outer envelope marked "legal mail" to his address of record, which is Patrick O. Christian, 356367, Mecklenburg County Jail, P.O. Box 34429, Charlotte, NC 28234.

IT IS SO ORDERED.

Signed: August 29, 2010

Frank D. Whitney
United States District Judge